**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus VELASQUEZ–LOPEZ,
Defendant–Appellant.**

**No. 11–10125.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2014.\*

Filed Dec. 10, 2014.

Karla Delord, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Michele R. Moretti, Esquire, Law Office of Michele R. Moretti, Lake Butler, FL, for Defendant–Appellant.

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM **

Jesus Velasquez–Lopez was convicted of conspiring to possess with intent to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking offense. Velasquez–Lopez timely appealed, and we affirm.

1. Because the government's alleged conduct in the reverse sting operation was not "so grossly shocking as to violate the universal sense of justice," Velasquez–Lopez failed to meet the extremely high standard required to secure the dismissal of his indictment. *United States v. Bonanno*, 852 F.2d 434, 437 (9th Cir.1988); *see United States v. Black*, 733 F.3d 294, 310 (9th Cir.2013), *cert. denied sub nom. Mahon v. United States*, — U.S. —, 135 S.Ct. 266, — L.Ed.2d — (2014). The government did not recruit Velasquez–Lopez, nor did the government engineer and direct the criminal enterprise from start to finish. *See Black*, 733 F.3d at 306–07; *United States v. Fernandez*, 388 F.3d 1199, 1238–40 (9th Cir.2004).

2. The district court did not plainly err in declining to exercise its supervisory powers to dismiss the indictment. *See Black*, 733 F.3d at 310 n. 12.

3. Velasquez–Lopez was not entrapped as a matter of law. Given the evidence in the record, it is not "patently clear that [Velasquez–Lopez was] an otherwise innocent person [who] was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." *United States v. Smith*, 802 F.2d 1119, 1124 (9th Cir.1986). Additionally, viewing the evidence in the light most favorable to the government, there was sufficient evidence presented to support the jury's verdict. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

4. The district court did not commit clear error in finding that Velasquez–Lopez failed to prove sentencing entrapment. *See United States v. Schafer*, 625 F.3d 629, 639–40 (9th Cir.2010). "Sentencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more severe punishment." *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir.2009). In this case, the amount of drugs purported to be in the stash house never changed, and Velasquez–Lopez voluntarily participated in the crime for the purpose of making a profit. Further, upon a recommendation from the government, the district court twice departed downward when sentencing Velasquez–Lopez to avoid the potential argument of sentencing entrapment. *See United States v. Parrilla*, 114 F.3d 124, 127 (9th Cir.1997).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.